**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>$10,951.00 in United States Currency,<br><br>　　　　　Defendant. | No. CV-24-00427-TUC-CKJ<br><br>**ORDER** |

On October 17, 2024, the Plaintiff filed a Motion for Status Conference. The Court denies the motion without prejudice.

The Government filed this action on August 26, 2024, as a civil *in rem* forfeiture complaint against the defendant property, $10,951.00. It mailed Notice of Forfeiture Action to Adril Delgado Gutierrez, who resides in Mexico, and Gabriela Viviana Soltero, who resides in southern Arizona. The subject of the forfeiture, $10,951.00, was transported by Soltero into the country through the Mariposa Port of Entry, Nogales, Arizona. At the time of the seizure, Soltero stated that the money belonged to someone else. According to Plaintiff, Soltero has provided a signed statement that the money belongs to Delgado. (Motion, letter (Doc. 7-1)).

According to the Plaintiff, the acknowledgement of service of the Notice was not signed and returned by Soltero, but on September 13, 2024, she went to the U.S. Attorney's office, Tucson, Arizona, and requested assistance in filing a claim for the $10,951.00. She returned on October 3, 2024, and submitted two hand-written notes, one in English and one

in Spanish. The Court finds that Soltero was served with the Notice of Forfeiture, which also included a copy of the Complaint for forfeiture.

The Notice provides: "In order to avoid forfeiture, you must file a verified claim within 35 days of the date of this notice. An answer or a motion under Rule 12 must be filed, and served, no later than twenty-one (21) days after filing the claim. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must file your claim against the property, and answer, with the Clerk of this Court and provide a copy to the government attorney."

The Notice also provides that to make a claim, she must: "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D), in this case, Assistant United States Attorney Matthew G. Eltringham at 405 West Congress Street, Suite 4800, Tucson, Arizona 85701-5040."

The letter given to the United States Attorney is not signed by the claimant under penalty of perjury. It does, however, identify the specific property claimed, $10,951.00. It states that she and Adril Delgado Gutierrez, who is her brother-in-law, claim the money. She was transporting the money to buy cars for Delgado's car sales "with part of it." (Motion, letter (Doc. 6.1)). This suggests there may have been a bailment of the money by Delgado to Soltero. "A claim filed by a person asserting an interest as a bailee must identify the bailor, and if filed on the bailor's behalf must state the authority to do so." *Id.*

To be clear, the letter given to the United States Attorney does not establish a bailment. Soltero, if she appears pro se (without counsel), may not represent another person in this action. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987) (citing general rule that "a non-lawyer 'has no authority to appear as an attorney for others than himself'"). Even "'a nonattorney parent must be represented by counsel in bringing an action on behalf of his or her child.'" *Id.* at 876 (quoting *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882–83

(3d Cir. 1991)). In other words, if Soltero cannot establish a bailment, she cannot seek return of the money, or a part of the money, on behalf of her brother-in-law, Delgado. Sotero may only claim her part of the $10,951.00. Only Delgado may claim property belonging to him.

The Motion for Status Conference reflects there may be some confusion as to whether Soltero has filed a claim for herself and/or for both Delgado and her by presenting the letter to the Government at its Tucson office. Section 983(a)(4)(A) of the statute provides: "In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims...." 18 U.S.C. § 983(a)(4)(A). In other words, Soltero must state her claim by filing an answer in this action. The Court finds the letter submitted on October 3, 2024, triggered the start of the 20-day time period to file and serve an answer or a motion under Federal Rule Civil Procedure, Rule 12, in this case. The Court shall extend this time due to the confusion and because it appears that Soltero and/or Delgado may have a claim to the $10,951.00 or parts of it. If either Soltero or Delgado want to proceed with claims in this forfeiture action, they are advised to review The Handbook for Self-Represented Litigants, Chapter 10, which may be found on the Court's website: www.azd.uscourts.gov.

Failure to file an answer or responsive motion in this action may result in your claim to the $10,951.00 being denied and a default judgment of forfeiture being entered in this case. Fed. R. Civ. P. 55.

In the event you proceed with a claim by filing an answer or motion in this action, you must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (local rules). They may be found on the Court's website by typing "Local Rules" or Federal Rules of Civil Procedure" in the search bar and navigating to Rules, General Orders & Forms." You should take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which

provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." This means, that any motion filed by the Plaintiff may be summarily granted against you if you fail to respond to the Complaint within the allotted time for responding (usually 14 days).

"District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Therefore, the Court advises you to refer to its website, especially the Handbook for Self-Represented Litigants and the rules that are posted there.

**Accordingly,**

**IT IS ORDERED** that the Motion for Status Conference (Doc. 7) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the time for filing an answer or motion in this action is extended to November 18, 2024. Failure to file an answer or motion in this action may result in dismissal of any claims, default, and the Court's entry of a judgment of forfeiture in this case.

**IT IS FURTHER ORDERED** that this Order shall be sent to Gabriela Soltero and Adril Delgado Gutierrez at the addresses provided below.

Dated this 26th day of October, 2024.

_____
Honorable Cindy K. Jorgenson
United States District Judge

Cc:
Gabriela Viviana Soltero
567 Camino Lito Galindo
Rio Rico, AZ 85648

Adril Delgado Gutierrez
Col Luis Donaldo Colosio 84066 Lito Galindo
Nogales, Sonora, Mexico